UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Private Jet Services Group, LLC, | : <br> : |
| Plaintiff, | : <br> : |
| v. | :    Civil Case. No. _____ <br> : |
| Speedbird Jets, LLC, | : <br> : |
| Defendant. | : <br> : |

### COMPLAINT
(jury trial requested)

1. Private Jet Services Group, LLC ("PJS") files this Complaint against Speedbird Jets, LLC ("SBJ") for breaches of contract.

### Introduction

2. On November 1, 2021, the parties entered into a Block Hour Charter Agreement ("Agreement").

3. A true and accurate copy of the Agreement is attached hereto as **Exhibit 1**.

4. Pursuant to the Agreement, PJS purchased 150 Flight Hours from SBJ. In order to fly those Flight Hours, SBJ agreed to provide a dedicated Citation X aircraft, referred to in the Agreement as the Primary Aircraft. The Primary Aircraft was to be made available for PJS's exclusive use by December 1, 2021.

5. The Primary Aircraft was not available for PJS's exclusive use by December 1, 2021, which gave PJS the option to either (i) terminate the Agreement and receive a refund for all unused Flight Hours or (ii) limit the Agreement to the initial 75 Flight Hours.

6. By subsequent agreement dated December 3, 2021 (the "Letter Agreement"), the parties agreed to limit the Agreement to 75 Flight Hours and PJS retained its option to terminate and demand a refund for any unused hours at any time thereafter.

7. A true and accurate copy of the Letter Agreement is attached hereto as **Exhibit 2**.

8. Due to continued performance problems by SBJ, only 21.5 of the 75 purchased Flight Hours were used by PJS.

9. On March 9, 2022, PJS terminated the Agreement and the Letter Agreement and demanded a refund ("Termination Notice").

10. A true and accurate copy of the Termination Notice is attached hereto as **Exhibit 3**.

11. To date, SBJ not refunded PJS for any portion of its of its $390,000.00 payment. Additionally, SBJ has not paid to PJS any portion of the value of the Availability Credits due to PJS.

12. Specifically, PJS paid $390,000 for the 75 Flight Hours and is owed $278,200 for the 53.5 unused hours, plus interest. Additionally, PJS earned 51 Availability Credits under the Agreement totaling $530,400.00, plus interest.

13. Pursuant to the Agreement, PJS is entitled to attorney's fees and the costs of suit if it prevails.

**Parties**

14. PJS is a limited liability company existing under the laws of the State of Florida with a principal place of business formerly in New Hampshire and now at 1111 Lincoln Avenue, Suite 500, Miami Beach, Florida 33139.

15. SBJ is a limited liability company existing under the laws of California, with a principal place of business at One World Trade Center, 8th Floor, Long Beach, California 90831.

## Jurisdiction and Venue

16. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because PJS is a citizen of Florida, SBJ is a citizen of California, and the amount of money in controversy exceeds $75,000.

17. Venue in the District of New Hampshire is proper because the Agreement contains a forum selection clause whereby the parties agree that any action brought pursuant to the Agreement "will take place in New Hampshire." Ex. 1, § 8.h.

## Facts

18. On November 1, 2021, PJS and SBJ entered into the Agreement through which SBJ would provide certain Citation X aircraft and their crews to PJS for charter customer flights, and, in exchange, PJS would pre-purchase 150 Flight Hours of charter time. Ex. 1, p. 1.

19. Specifically, PJS agreed to pay SBJ $390,000 for 75 Flight Hours on or before November 1, 2021, $195,000 for 37.5 Flight Hours on December 30, 2021, and $195,000 for an additional 37.5 Flight Hours on January 14, 2022. Ex. 1, § 3.c.

20. A single Flight Hour was priced at $5,200. Ex. 1, § 3.a.

21. The Flight Hours were to be used in three one-month increments, with 50 flights used November 15, 2021 through December 14, 2021; December 15, 2021 through January 14, 2022; and January 15, 2022 through February 14, 2022. Ex. 1, § 3.a. Any unused Flight Hours from a monthly period were allowed to roll over to the next monthly period. Ex. 1, § 3.b.

22. To satisfy these Flight Hours, SBJ was to provide a Primary Aircraft and an Alternate Aircraft. Ex. 1, §§ 1.a & 1.f.

23. The Primary Aircraft was to be leased by SBJ and be on its Part 135 Certificate no later than December 1, 2021. Ex. 1, § 2.a.i.

24. Prior to the Primary Aircraft becoming available, *i.e.*, on SBJ's Part 135 Certificate, PJS was to use the Alternate Aircraft, as defined in the Agreement. Ex. 1, § 2.b.i.

25. For any day that neither the Primary Aircraft nor the Alternate Aircraft were available to PJS for any reason, PJS was to receive a credit for two additional Flight Hours, known as an Availability Credit. Ex. 1, § 1.c.

26. "At any time when Availability Credits equal 50 or more, PJS may immediately demand SBJ pay the value of the Availability Credits, which payment obligation shall accumulate interest at a rate of 1.5% per month until paid." Ex. 1, § 3.h.

27. If the Primary Aircraft was not on SBJ's Part 135 Certificate and available for PJS's exclusive use by December 1, 2021, PJS would have the option, in its sole discretion either (i) to terminate the Agreement and "receive a refund for all amounts paid for as yet unused Flight Hours within seven days of notice of termination, plus interest thereafter at a rate of 1.5% per month until paid; [or] (ii) limit the Agreement to the initial 75 Flight Hours and cancel the two additional scheduled payments for 37.5 Flight Hours." Ex. 1, § 2.a.ii.

28. By December 1, 2021, SBJ had failed to make the Primary Aircraft available to PJS.

29. Additionally, between November 15, 2021 and November 29, 2021, both the Primary Aircraft and Alternate Aircraft were unavailable to PJS for all fifteen of those days, resulting in fifteen days for PJS to carry over Flight Hours in the Future pursuant to Agreement § 2.a.iii, and 30 Flight Hours in Availability Credits. Ex. 2.

30. On December 3, 2021, the parties entered into the Letter Agreement, through which the parties agreed to the following:

(i) [Alternate Aircraft] use shall be made available exclusively to PJS until [Primary Aircraft] is available;
(ii) [Primary Aircraft] shall be dedicated to PJS exclusive use until all of the original 75 Flight Hours purchased by PJS and all Availability Credits have been used;
(iii) PJS shall have the ability to terminate and demand a refund for unused hours at any time after the date hereof, in its sole discretion;
(iv) On December 30, 2021 and January 14, 2022 PJS and SBJ shall discuss in good faith the sale and purchase of additional Flight Hours; and
(v) PJS may use prepaid Flight Hours and Availability Credits for charter flight time through March 15, 2022, which date shall be extended day for day for each day of unavailability.

Ex. 2.

31. Due to SBJ's continued non-performance, by March 9, 2022, PJS had only been able to use 21.5 of the 75 Flight Hours it purchased under the Agreement and its Availability Credits equaled fifty-one.

32. On March 9, 2022, PJS terminated the Agreement and demanded a refund as well as payment of the value of its fifty-one Availability Credits.

33. To date, SBJ has not refunded any monies owed to PJS nor paid PJS the value of any of its Availability Credits.

34. As such, PJS seeks damages of: $278,200 owed for the 53.5 unused hours, plus the 1.5% monthly interest that has accrued since March 9, 2022 pursuant to Section 2.a.ii of the Agreement; as well as $530,400.00 for the value of PJS's Availability Credits, plus the 1.5% monthly interest that has accrued since March 9, 2022 pursuant to Section 3.h. of the Agreement; plus reasonable attorney's fees and costs of suit pursuant to Section 8.h. of the Agreement if it prevails.

## Count I
## Breach of Contract

35. PJS re-alleges and incorporates by reference all paragraphs as if fully restated herein.

36. The Contract is governed by the laws of New Hampshire. Ex. 1, § 8.h.

37. Pursuant to the Agreement, SBJ was obligated to make available to PJS the Primary Aircraft no later than December 1, 2021, but SBJ failed to provide it by that date.

38. As a result, PJS could either terminate and receive a refund of the cost of the remaining unused Flight Hours or limit the Agreement to the 75 Flight Hours already paid for.

39. The parties subsequently entered into a Letter Agreement, in which they limited the Agreement to the 75 Flight Hours already paid for and the accumulated Availability Credits, and PJS retained its right to terminate the Agreement and received a refund of unused Flight Hours at any time.

40. On March 9, 2022, PJS terminated the Agreement and demanded a refund of the payment for the 53.5 unused Flight Hours, an amount which equals $278,200.

41. SBJ has refused to pay and has been accruing 1.5% monthly interest pursuant to the Agreement.

42. By the facts alleged herein, SBJ has breached its contract with PJS and PJS is entitled to direct and consequential damages.

43. PJS claims all damages to which it is entitled under this cause of action.

## Count II
## Breach of Contract

44. PJS re-alleges and incorporates by reference all paragraphs as if fully restated herein.

45. The Contract is governed by the laws of New Hampshire. Ex. 1, § 8.h.

46. Pursuant to the Agreement, PJS earned an Availability Credit for 2 Flight Hours for any day on which the Primary Aircraft and Alternate Aircraft are unavailable to PJS for any reason, and by March 9, 2022, PJS had earned fifty-one Availability Credits due to such aircrafts' unavailability.

47. On March 9, 2022, PJS demanded payment of the value of its fifty-one Availability Credits, an amount that equals $530,400.

48. SBJ has refused to pay and has been accruing 1.5% monthly interest pursuant to the Agreement.

49. By the facts alleged herein, SBJ has breached its contract with PJS and PJS is entitled to direct and consequential damages.

50. PJS claims all damages to which it is entitled under this cause of action.

### Requests for Relief

51. **WHEREFORE**, PJS respectfully requests that this Honorable Court:

    A. Order a jury trial on all claims so triable;

    B. Enter Judgment in PJS's favor and against SBJ for breaches of contract;

    C. Award all damages to which PJS is entitled;

    D. Award PJS all reasonable attorney's fees and costs of suit; and

    E. Grant such other and further relief as is just and proper.

|  |  |
|---|---|
|  | Respectfully Submitted,<br>Private Jet Services Group, LLC<br><br>By its Attorneys,<br>SHAHEEN & GORDON, P.A., |
| Dated: January 24, 2023 | /s/ *Timothy J. McLaughlin*<br>Timothy J. McLaughlin (NH Bar #19570)<br>Olivia F. Bensinger (NH Bar #274145)<br>107 Storrs Street<br>P.O. Box 2703<br>Concord, NH 03302-2703<br>(603) 225-7262<br>tmclaughlin@shaheengordon.com<br>obensinger@shaheengordon.com |